ON REHEARING

POLEN, Judge.
We grant rehearing, withdraw our prior opinion issued July 24, 1996, and substitute the following opinion in its place. Upon the filing of appellees’ Motion for Rehearing, ap-pellees further requested this court abate decision on their motion, pending a ruling by the United States District Court for the Southern District of Florida in a case called Marine Midland v. Miami Trucolor, discussed below. We granted appellees’ motion to abate over appellant’s objection. The delay in our ruling was thus occasioned by our waiting for the district court to rule. That, in turn, was due in part to the passing of Judge Aronovitz, and the subsequent appointment of Judge Gold to that division.
Marvin Rosenberg appeals the final summary judgment entered in favor of FISP Enterprises, J. Herbert Fisher, Jr., and Martin Y. Sponaugle. The final summary judgment effectively determined Fisher and Sponaugle, non-debtor guarantors on a promissory note held by Rosenberg, were included within the language of a discharge provision contained in a Chapter 11 Plan of Reorganization confirmed by the bankruptcy court without objection by Rosenberg. We affirm.
In December of 1988, Palm Beach Square Associates, Ltd. (Palm Beach Square), a Pennsylvania limited partnership, purchased real property located in Palm Beach County for purposes of developing an outlet mall. As part of that transaction, a promissory note in the original principal amount of $230,-000.00 was executed by Palm Beach Square, FISP Enterprises (through its general partners Fisher and Sponaugle) and Fisher and Sponaugle individually. On October 25,1991, Palm Beach Square filed for Chapter 11 bankruptcy protection in the U.S. Bankruptcy Court in the Middle District of Pennsylvania. By June 2, 1992, a Plan of Reorganization (the Plan) and Disclosure Statement were filed in the Bankruptcy Proceedings. The Plan contained the following pertinent language:
8.3. Principals, Guarantors, and Affiliates
Except as otherwise provided in the Plan and as to the FDIC, confirmation of the Plan shall serve to discharge any obligation of any of the Debtor’s principals and any claim held against any principal or guarantor or affiliate of the Debtor shall be voided by the Plan and its Confirmation.
A copy of the Plan was mailed to and received by Rosenberg, but he raised no objection to the above discharge language. The Plan was confirmed July 6,1992.
On March 23, 1992, Rosenberg filed this action in state court seeking to collect on the promissory note. Defendants Fisher and Sponaugle asserted six affirmative defenses which primarily focused on the discharge language contained in the Plan. All parties moved for summary judgment. Rosenberg argued that while Palm Beach Square’s debt was discharged, the personal liability of the defendants still existed. In entering summary judgment in favor of FISP, Fisher, and *1168 Sponaugle, the trial court expressly found Rosenberg, through counsel, made an appearance in Palm Beach Square’s bankruptcy case before that court entered its Plan of Reorganization and Order Confirming Plan. Rosenberg neither objected to the Plan before it was entered, nor appealed the Order after entered.
No Florida state court has addressed the precise issue raised here, and the federal courts to address the issue are divided. As was the trial court below, we are persuaded by those courts that hold the doctrine of res judicata bars a creditor’s suit to enforce a guaranty which was released under a confirmed reorganization plan. Republic Supply Co. v. Shoaf, 815 F.2d 1046 (5th Cir.1987); In re: A.H. Robins Co., 880 F.2d 694 (4th Cir.1989). Our decision conforms with a recent opinion of the United States District Court for the Southern District of Florida, Marine Midland Business Loans, Inc. v. Miami Trucolor Offset Service Co., 217 B.R. 341 (S.D.Fla.1998), which similarly approved the reasoning of Republic Supply.
Therefore, Fisher and Sponaugle as non-debtor guarantors were released under provision 8.3 of Palm Beach Square’s bankruptcy reorganization plan. Rosenberg had notice of the bankruptcy proceedings and appeared through counsel, yet failed to object to the plan or appeal the order approving the plan. Thus, Rosenberg is barred by the doctrine of res judicata from bringing a collateral action in state court to collect on the promissory note.
AFFIRMED.
SHAHOOD, J., and SPEISER, MARK A., Associate Judge, concur.